UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| SONDRA CASH, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>CAROLYN COLVIN )<br>Commissioner of the )<br>Social Security Administration, )<br>)<br>Defendant. ) | Case No. 4:11-cv-00105-TWP-WGH |

## ENTRY ON APPLICATION FOR ATTORNEY FEES
## UNDER THE EQUAL ACCESS TO JUSTICE ACT

This matter is before the Court on the motion by Plaintiff Sondra Cash ("Ms. Cash") for an award of attorney's fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). Ms. Cash applied for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") based on severe mental impairments. Her application was denied initially, on reconsideration, and by an Administrative Law Judge ("ALJ"). The Appeals Council denied review, and Ms. Cash prevailed on judicial review when this Court remanded her case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). Dkt. 21. For the reasons discussed below, Ms. Cash's Petition for Attorney Fees Under the Equal Access to Justice Act (Dkt. 22) is **GRANTED**.

## II. DISCUSSION

The EAJA provides that a successful litigant against the federal government is entitled to recover attorney's fees if: (1) she was a "prevailing party"; (2) the government's position was not "substantially justified"; (3) there existed no special circumstances that would make an award unjust; and (4) she filed a timely application with the district court. 28 U.S.C. § 2412(d)(1)(A),

1

(B); *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006).  Ms. Cash was the prevailing party and her fee application was filed timely.  Her counsel seeks compensation for 39.1 hours of attorney time at the rate of $181.17 per hour for a total of $7,083.75.  The Commissioner objects to the award of attorney fees on the basis that the Commissioner's position was substantially justified.[1]

A. **The Commissioner's position was not substantially justified.**

The Commissioner has the burden of establishing that his position was substantially justified.  *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004).  The Supreme Court has defined "substantially justified" to mean "justified to a degree that could satisfy a reasonable person."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).  In *Pierce,* the Court emphasized that "a position can be justified even though it is not correct . . . if it has a reasonable basis in law and fact."  *Id*. at 566 n.2; *see also Mogg v. Astrue*, 266 Fed. Appx. 470 (7th Cir. 2008).  To evaluate whether the government's position was substantially justified, the court looks at the agency's pre-litigation position and then makes one determination as to the entire civil action.  *Bassett v. Astrue*, 641 F.3d 857, 860 (7th Cir. 2011).

In finding that this case should be remanded, the Court noted that the ALJ did not adequately address whether Ms. Cash met the requirements of Listing 12.05C and ignored significant medical evidence.  Dkt. 21 at 8, 10.  The Commissioner argues that this was a mere articulation error, and articulation deficiencies are not the kind of errors which necessitate a finding that the Commissioner's position was not substantially justified.  *See Cunningham*, 440 F.3d at 865.  Typically, it takes something more egregious than just a run-of-the mill error in articulation to make the Commissioner's position unjustified—something like the ALJ ignoring

---

[1] The Commissioner does not object to the requested hourly rate increase, nor to the amount of time expended.

2

or mischaracterizing a significant body of evidence, or the Commissioner's defense of the ALJ's opinion on a forbidden basis. *Bassett*, 641 F.3d at 860.

In this case, the reasons for the Court's remand were based upon more than an articulation error. The ALJ failed to follow well-established judicial precedent which requires him to build an "accurate and logical bridge" by connecting the evidence to his conclusion. *Stewart v. Astrue*, 561 F.3d 679, 684 (7th Cir. 2009); *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002). The Seventh Circuit found that a claimant was entitled to an EAJA award where an ALJ failed to articulate the bases of his assessment of a claimant's impairment. *Stewart*, 561 F.3d at 684. This case was remanded not because the ALJ failed to adequately articulate why Ms. Cash did not meet Listing 12.05C, but rather his failure to even address the requirements of Listing 12.05C in light of the relevant evidence in the record. Therefore, the Court finds that the Commissioner's position was not substantially justified, and Ms. Cash is entitled to an award of attorney's fees under the EAJA.

**B.     Ms. Cash is entitled to additional fees for litigating her EAJA petition**

Ms. Cash requests an additional $978.31 based upon 5.4 hours spent researching and writing the Reply to the Commissioner's objection. In finding that a prevailing litigant may recover the costs of litigating an EAJA fee petition, the Supreme Court has stated that "[t]he EAJA . . . provides district courts discretion to adjust the amount of fees for various portions of the litigation . . . . The purpose and legislative history of the statute reinforce our conclusion that Congress intended the EAJA to cover the cost of all phases of successful civil litigation addressed by the statute." *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 165-66 (1990). The Court finds that the amount of additional time expended on drafting the Reply brief is reasonable, and therefore Ms. Cash is entitled to an award for this additional amount.

## III. CONCLUSION

Ms. Cash's Petition for Attorney Fees Under the Equal Access to Justice Act (Dkt. 22) is hereby **GRANTED**. For the reasons set forth above, the Court finds the amount of $7,083.75 in attorney's fees plus $978.31 for litigating the EAJA petition, for a total of $8,062.06, to be reasonable. The Court awards to Ms. Cash attorney's fees and costs under 28 U.S.C. § 2412(d) in the amount of $8,062.06, and the Commissioner shall direct that the award be made payable to Ms. Cash's counsel consistent with the assignment in the record (Dkt. 23-2-1) within 30 days of the entry of this Order.

SO ORDERED.

Date: 10/01/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Timothy J. Vrana
tim@timvrana.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov